## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LAWRENCE UDOM, *et al.*, | : | Case No. 3:23-cv-126 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| STATE FARM FIRE & CASUALTY CO., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

This case is currently before the Court upon Plaintiffs' Motion to Compel Appraisal (Doc. #9); Defendant State Farm Fire and Casualty Company's Memorandum Contra Plaintiff's Motion to Compel Appraisal (Doc. #10); Plaintiffs' Reply (Doc. #11); Plaintiffs' Motion to Reconsider Motion to Compel Appraisal and Stay Counts Two and Three of Complaint (Doc. #17); Defendant's Memorandum Contra Plaintiff's Motion to Compel Appraisal (Doc. #18); Plaintiff's Reply (Doc. #19); Plaintiffs' Supplemental Memorandum (Doc. #21); and Defendant's Supplemental Brief (Doc. #22).

District Judge Michael J. Newman previously denied Plaintiffs' Motion to Compel Appraisal because the motion was premature. (Doc. #12). Thereafter, Judge Newman granted Plaintiffs' Motion to Reconsider Motion to Compel Appraisal and Stay Counts Two and Three of Complaint and referred Plaintiffs' Motion to Compel Appraisal to the undersigned. (Doc. #20).

On April 12, 2024, the undersigned held a teleconference regarding Plaintiffs' Motion with the parties. (Apr. 12, 2024 Minute Entry). During the teleconference, the undersigned ordered the parties to file supplemental memoranda regarding the nature of damage to the roof. *Id.*

## I.    BACKGROUND

In June 2022, a storm with high winds and heavy hail damaged Plaintiffs' roof.  (Doc. #9, *PageID* #85-86).   Thereafter, Plaintiffs filed a claim with Defendant State Farm under their Homeowners Policy ("the Policy").  *Id.* at 86.  After inspecting the roof, Defendant found that there were 13 damaged shingles out of the approximately 1,980 shingles on Plaintiffs' roof.  (Doc. #10, *PageID* #116).   Defendant estimated that replacement of those shingles would cost approximately $1,956.82, which was less than Plaintiffs' deductible.  *Id.*; (Doc. #9, *PageID* #86).

Plaintiffs, believing that the storm caused significantly more damage than found by Defendant, retained Equitable Appraisal & Consulting, LLC ("Equitable") to assess the repairs necessary to properly restore their residence.  (Doc. #9, *PageID* #86).  Equitable determined that the cost of the necessary repairs totaled $21,887.82.  *Id.*  After sending Equitable's estimate to Defendant and not hearing back, Plaintiffs issued a demand to Defendant for the parties to utilize the appraisal process.  *Id.*  Defendant subsequently denied Plaintiffs' request, asserting that the "amount of loss" to be determined by appraisal included only the pricing of the repairs Defendant deemed were covered, not the damages which Plaintiffs, relying on the Equitable estimate, determined had occurred.  *Id.*

Under the appraisal language in Plaintiffs' State Farm Homeowners Policy, if the parties "fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal."  (Doc. #4-1, *PageID* #72).  However, the Policy does not define "amount of loss." Plaintiffs contend that the parties disagree on the "amount of loss" and, therefore, request that the Court order appraisal as set forth by the Policy.  (Doc. #9, *PageID* #90).

2

## II. LAW AND ANALYSIS

As one court has observed, "separating coverage issues from loss issues is not a simple task." *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-cv-0549, 2022 WL 3584263, at *2 (N.D. Ohio Aug. 22, 2022) (cleaned up). Plaintiffs and Defendant each cite extensive caselaw in support of their positions. Notably, both parties cite a recent decision of this Court, *Cinnamon Ridge Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 3:22-CV-118, Doc. #11 (S.D. Ohio 2023), in which the undersigned Magistrate Judge ordered the parties to conduct an appraisal and to "separately calculate and identify disputed costs – including damaged property as well as undamaged property whose replacement Plaintiff may claim i[s] necessary for appearance purposes – so that the Court can either include or exclude them once it has determined whether the policy provides coverage for them." *Id*. at 315.

However, Plaintiffs assert that the language from the *Cinnamon Ridge* Order requiring the appraisers to separately calculate and identify disputed costs is not applicable in this case because, unlike the condominiums in *Cinnamon Ridge*, their home is a single-family residence subject to the Ohio Residential Code.[1] (Doc. #17, *PageID* #153); (Doc. #9, *PageID* #89) (citing O.A.C. 3901-1-54(I)(1)(b); O.A.C. 4101:8-1-01, sec. 904.2). Plaintiffs note that they added "Option OL" to the Policy, which "applies to the costs of compliance with existing ordinances and/or law, up to $52,100.00." *Id.* (citation omitted). Thus, according to Plaintiffs, to comply with Ohio Residential Code and the terms of the applicable Policy, this Court should "impose the appraisal process,

---

[1] Plaintiffs indicate that they seek "a ruling identical to that recently issued by Judge Edmund [A.] Sargus, Jr." in *Stonebridge at Golf Village Squares Condominium Ass'n v. Phoenix Ins. Co.*, 2022 WL 7178548 (S.D. Ohio Sept. 22, 2022). (Doc. #17, *PageID* #153). In that case, the parties had "a disagreement as to what damage, specifically, that storm caused." *Stonebridge*, 2022 WL 7178548, *3. Notably, however, the plaintiff in *Stonebridge*, like the plaintiff in *Cinnamon Ridge*, was a condominium association.

determine the cost of repairs, and further determine any costs incurred by replacing undamaged roofing to match the replacement roofing, up to $52,100.00." *Id.* at 90.

Defendant disagrees, asserting that the language in *Cinnamon Ridge* is applicable to this case. (Doc. #10, *PageID* #117). Defendant explains:

> Whether there are building code requirements that may mandate certain repairs in conjunction with repair of the damages is a legal question for the Court, interpreting state law. If there are such code-mandated repairs, then the next question is whether such repairs are covered under the policy. This is a coverage question, also a legal question for the Court.

*Id.*

Similarly to this case, in *Reserves at Beavercreek Condo. Ass'n v. State Farm Fire & Cas. Co.*, the parties agreed that repair of the damage to the plaintiff's roofs would require replacement of some roof tiles but disagreed about the extent of that replacement. 2023 WL 9183683 (S.D. Ohio Dec. 15, 2023). Though the plaintiff asserted that "whether the proposed repairs create a 'reasonably matching appearance' is a factual question for the appraiser," the defendant argued that whether it is "required to 'provide coverage for the replacement of the undamaged portions of the roof for purposes of appearance'" is a legal issue to be resolved by the Court. *Id.* at *1. In granting the motion to compel appraisal, Magistrate Judge Gentry adopted the language from *Cinnamon Ridge*. *Id.* at *2.

The undersigned finds that the Order from *Cinnamon Ridge* is appropriate under the circumstances of this case. Such an appraisal will give the Court the benefit of a well-developed factual record when it rules on the merits of the claims and defenses in this case, assuming that such a ruling is still necessary after the appraisal has been completed.

### III.   CONCLUSION

For the reasons stated, the Court **ORDERS** that:

1.   Plaintiffs' Motion to Compel Appraisal (Doc. #9) is **GRANTED**.

2.   Defendant is **ORDERED** to proceed with the appraisal process as set forth in the Policy.  The appraisals should separately calculate and identify disputed costs—including damaged property as well as undamaged property whose replacement Plaintiffs may claim is necessary for appearance purposes—so that the Court can either include or exclude them once it has determined whether the policy provides coverage for them.

3.   This litigation is **STAYED** until a full appraisal occurs.  The parties shall jointly file a short, one-page status report every thirty days until this appraisal is complete.  Upon its completion, the parties shall promptly notify the Court as to whether any live dispute remains in this case.

**IT IS SO ORDERED.**

June 4, 2024                                                  s/Peter B. Silvain, Jr.
                                                             Peter B. Silvain, Jr.
                                                             United States Magistrate Judge